LEE BOB SMITH v. THE STATE.

No. 13410. Delivered May 28, 1930.
Reported in 29 S. W. (2d) 391.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

This is a companion case of Stanley Hawkins v. State, No. 12,989, recently decided. Therein it is declared that the evidence is not sufficient to show that the assault upon Doss Moor, which was perpetrated by Stanley Hawkins, was with the specific intent to kill. The evidence is regarded as sufficient to require an instruction to the jury on the law of principals. The appellant was present during the assault, and according to some of the testimony, was active in preventing interference by others. Among other things, it appears from the testimony of the witness Roy Graves that observing the

assault, he attempted to go in the house and prevent Hawkins from beating Moor. Graves testified:

"I did not get in the house for Lee Bob Smith says to stand back. He said that it was not our fight, and to let Stanley beat him up or get his ring. I started to go up on the porch and go in the house again and Lee Bob Smith was walking up and down on the porch and when I started to go in the house he says to stand back and put his hand behind him."

The witness then left, and Lee Bob Smith said: "If you go off and waive anybody down, don't tell anything about what is going on."

Similar testimony was given by the witness Ross Dufner. Other facts found in the record we think are such as to warrant the submission of the law of principals. However, for the reasons stated in the companion case of Hawkins v. State, No. 12,989, the evidence is not regarded as sufficient to support the offense of assault with intent to murder.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*